# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KUMIKO MORIOKA,
an individual,

        Plaintiff,

v.

IBIDEN U.S.A. CORPORATION, a
foreign corporation,

        Defendant.

Case No:

Hon.

Mag.

**JURY TRIAL REQUESTED**

---

Kumiko Morioka
Pro Se
16772 Quakertown Lane
Livonia, MI 48154
morikumi39@yahoo.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Kumiko Morioka states the following allegations:

### PARTIES, JURISDICTION & VENUE

1. Defendant IBIDEN U.S.A. CORPORATION ("Ibiden") is a foreign corporation that manufactures and sells a variety of technological products, and conducts business in Oakland County, Michigan.

2. Plaintiff Kumiko Morioka ("Ms. Nugent") is a former employee of Ibiden.

1

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim took place in this judicial district, and Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

5. Ms. Morioka was hired by IBIDEN as a temporary worker in February of 2019.

6. After she worked at IBIDEN for a month, Ms. Morioka was hired as a full-time employee in March of 2019, beginning on April 1, 2019.

7. Ms. Morioka is an American citizen but was hired as one of three Japanese staff level workers at IBIDEN in the Detroit office. While she was working at IBIDEN, she became aware that IBIDEN had decided that it wanted to have at most three Japanese workers in its Detroit office for junior positions like those held by Ms. Morioka.

8. Ms. Morioka worked hard and performed her duties diligently and satisfactorily. She also had a cordial and professional relationship with Ms. Watanabe.

9. Ms. Morioka, however, was uncomfortable with Ms. Watanabe's improper behavior in the workplace. It began with Ms. Watanabe's relatively harmless, but inappropriate "jokes." For example, on more than one occasion, she told

her subordinates, including Ms. Morioka, that if they made a mistake, she would "whip/beat" them "100 times," or words to that effect. Ms. Morioka simply brushed these types of comments off as office banter.

10. Ms. Watanabe would also mock American workers in adjoining offices, deriding their physical appearance: in one case, she began referring to one woman who worked in a nearby suite as "Itochu lady," her pejorative way of calling someone an "old fashioned girl."

11. Ms. Watanabe also seemed to have personal issues with African American workers. In one case, she told Mr. Morioka that she did not like the "smokey smell" of an African American temporary worker, even though the woman did not actually smell and several of the other workers in the office also smoked. She also told Ms. Morioka that she did not like a different African American employee, and that she purposefully avoided speaking to her.

12. Ms. Watanabe also seemed to dislike a co-worker in the IBIDEN Indiana office who was of Chinese descent. She would refer to him as "creepy" behind his back, and called him disgusting, telling a story where he supposedly ate a chicken comb at a restaurant in California. And, when the employee suffered what was believed to be a mild cerebral infarction, Ms. Watanabe stated that she wished that "it were actually serious," or words to that effect.

13. Despite the challenging environment, Ms. Morioka continued to perform her job. She and other workers did have discussions about work items and corrections (as takes place in most work places), Ms. Watanabe did not raise or characterize these issues with Ms. Morioka's overall performance. In fact, the feedback she received about her performance was largely positive.

14. In September of 2019, the Detroit office of IBIDEN hired Ms. Ishikawa as a temporary worker. Ms. Ishikawa is approximately 13 years younger than Ms. Morioka, and a Japanese national. Ms. Watanabe immediately befriended Ms. Ishikawa. Ms. Morioka became concerned because she could immediately sense Ms. Watanabe's preference for her younger co-worker and was also aware of the informal three Japanese worker quota.

15. Ms. Watanabe's behavior toward Ms. Morioka completely shifted. Ms. Watanabe soon began giving Ms. Morioka the proverbial cold-shoulder and would ignore Ms. Morioka, including when Ms. Morioka would greet her.

16. Ms. Watanabe also began making unpleasant and discriminatory comments to Ms. Morioka, clearly intended to convey her animus because of Ms. Morioka's age. On one occasion, for example, she told Ms. Morioka that Ms. Morioka "smelled like a grandmother," and that she needed to escape from Ms. Morioka.

17. Ms. Watanabe also began to take other acts intended to harass Ms. Morioka. She would, for example, mark Ms. Morioka as "off" for a particular day, even though she knew that Ms. Morioka was actually working that day.

18. And when Ms. Morioka would make a mistake, Ms. Watanabe apparently began raising the mistakes directly with Ted Yasuda, the General Manager of the Detroit office, behind Ms. Morioka's back - something that Ms. Watanabe had not done previously.

19. In October of 2019, Ms. Morioka reported the abusive behavior to Mr. Yasuda. But Mr. Yasuda's only response was that there was nothing that he could do because this was just Ms. Watanabe's personality.

20. On January 28, 2020, a human resources administrator from California came to the Detroit office and told Mr. Morioka that she had been terminated.

21. When Ms. Morioka asked the reason for her termination, the administrator claimed that Ms. Morioka's performance was low, and upon information and belief, Ms. Morioka never raised any issues with Ms. Morioka directly regarding her performance, and only began complaining to Mr. Yasuda behind her back after the arrival of Ms. Ishikawa.

22. Ms. Morioka timely filed a charge with the EEOC on or about November 16, 2020 alleging discrimination based on her national origin and because of her age. Ms. Morioka received a right to sue letter dated May 7, 2021.

## COUNT I
## AGE DISCRIMINATION
## 29 U.S.C. § 621, ET SEQ.
(against Defendant)

23. Plaintiff incorporates and restates all previously stated allegations.

24. Plaintiff, who was over 50 years old during all relevant times and therefore was a member of the protected class.

25. Defendant is an employer subject to 29 U.S.C. § 621, et seq.

26. Plaintiff was subjected to biased performance evaluation and eventual termination because of her age.

27. Plaintiff was qualified but was terminated in favor of keeping a younger woman.

28. Defendant's discriminatory treatment of Plaintiff has caused Plaintiff significant harm.

## COUNT II
## AGE DISCRIMINATION
## ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2202
(against Defendant)

29. Plaintiff incorporates and restates all previously stated allegations.

30. Plaintiff, who was over 50 years old during all relevant times and therefore was a member of the protected class.

31. Defendant is an "employer" within the meaning of M.C.L. § 37.2201(a).

6

32. Plaintiff was subjected to biased performance evaluation and eventual termination because of her age.

33. Plaintiff was qualified but was terminated in favor of keeping a younger woman.

34. Defendant's discriminatory treatment of Plaintiff has caused Plaintiff significant harm.

## COUNT III
## NATIONALITY DISCRIMINATION
## TITLE VII, 42 U.S.C. § 2000e-2
(against Defendant)

35. Plaintiff incorporates and restates all previously stated allegations.

36. Defendant is an "employer" subject to Title VII.

37. Defendant maintained an informal quota in terms of the maximum number of Japanese employees that it would keep in its Detroit office.

38. Plaintiff was qualified for the positions. Plaintiff is an American citizen but has a Japanese heritage.

39. Plaintiff was qualified but was terminated in order to reduce the number of "Japanese" workers in the Detroit office to below the informal maximum.

40. Defendant's discriminatory treatment of Plaintiff has caused Plaintiff significant harm.

41. The discriminatory treatment caused Plaintiff significant harm.

## COUNT IV
## NATIONALITY DISCRIMINATION
## ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2202
(against Defendant)

42. Plaintiff incorporates and restates all previously stated allegations.

43. Defendant is an "employer" within the meaning of M.C.L. § 37.2201(a).

44. Defendant maintained an informal quota in terms of the maximum number of Japanese employees that it would keep in its Detroit office.

45. Plaintiff was qualified for the positions. Plaintiff is an American citizen but has a Japanese heritage.

46. Plaintiff was qualified but was terminated in order to reduce the number of "Japanese" workers in the Detroit office to below the informal maximum.

47. Defendant's discriminatory treatment of Plaintiff has caused Plaintiff significant harm.

48. The discriminatory treatment caused Plaintiff significant harm.

## RELIEF REQUESTED

Plaintiff seeks all available relief and remedies, including:

a. compensatory damages;

b. exemplary/punitive damages;

c. fees, costs, and interest;

d.     all other relief, equitable and otherwise, allowed by law and deemed appropriate by the judge or jury.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

August 5, 2021

*/s/* Kumiko Morioka
Kumiko Morioka
Pro Se
16772 Quakertown Lane
Livonia, MI 48154
(248) 697-4503
morikumi59@yahoo.com

## DEMAND FOR JURY TRIAL

Ms. Morioka hereby demands a trial by jury as to all of those issues so triable as of right.

Respectfully submitted,

August 5, 2021

Kumiko Morioka
Pro Se
16772 Quakertown Lane
Livonia, MI 48154
(248) 697-4503
morikumi39@yahoo.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Oakland Cty.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KUMIKO MORIOKA

**DEFENDANTS**
IBIDEN U.S.A. CORPORATION

**(b)** County of Residence of First Listed Plaintiff: Oakland Cty.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Oakland Cty.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*
Alan Kaplan
Masuda, Funai, Eifert & Mitchell, Ltd.
200 N. Martingale Road, Suite 800,
Schaumburg, IL 60173

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | / 550 Civil Rights | | | |
| | 448 Education / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621 and 42 U.S.C. § 2000e-2
Brief description of cause:
Age and National Origin discrimination

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :